NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EMMY PANKAU,                                    )
                                                )
           Petitioner,                          )
                                                )
v.                                              )        Case No. 2D13-5373
                                                )
DEPARTMENT OF HIGHWAY SAFETY                    )
AND MOTOR VEHICLES,                             )
                                                )
           Respondent.                          )
_____)

Opinion filed August 8, 2014.

Petition for Writ of Certiorari to the Circuit
Court for the Thirteenth Judicial Circuit for
Hillsborough County; sitting in its appellate
capacity.

Anne Morris of Isaak Law, PLLC, for
Petitioner.

Stephen D. Hurm, General Counsel and
Kimberly A. Gibbs, Assistant General
Counsel of Department of Highway Safety
and Motor Vehicles, Orlando, for
Respondent.


LaROSE, Judge.

Emmy Pankau seeks certiorari review of a circuit court order denying her motion for clarification. We have jurisdiction, see Fla. R. App. P. 9.030(b)(2)(B), and grant the petition.

In Pankau v. Department of Highway Safety & Motor Vehicles, 91 So. 3d 923 (Fla. 2d DCA 2012), cause dismissed, 100 So. 3d 1149 (Fla. 2012), we quashed a circuit court order that denied Ms. Pankau certiorari relief from an administrative decision upholding the suspension of her driver's license. See §§ 322.2615(1), (6), (14), .31, Fla. Stat. (2010). We directed the circuit court to consider whether an adequate mechanism existed for Ms. Pankau to challenge the lawfulness of the underlying traffic stop. Pankau, 91 So. 3d at 923-24. The circuit court then reconsidered Ms. Pankau's certiorari petition, quashed the Department's final order upholding Ms. Pankau's license suspension, and remanded the cause to the Department for further proceedings.

In light of our holding in McLaughlin v. Department of Highway Safety & Motor Vehicles, 128 So. 3d 815 (Fla. 2d DCA 2012), and because Ms. Pankau's license suspension period expired during the review period, Ms. Pankau moved for clarification. The circuit court denied her motion and she petitioned this court for second-tier certiorari review to determine whether the circuit court afforded due process and applied the correct law. See Forth v. Dep't of Highway Safety & Motor Vehicles, 39 Fla. L. Weekly D1352 (Fla. 2d DCA June 27, 2014). Under McLaughlin, 128 So. 3d at 815, and Forth, 39 Fla. L. Weekly D1352 at *1, we held that when the Department administratively suspends a driver's license, and the suspension period expires while a matter is under review but the department seeks further formal administrative hearings, the circuit court should quash the administrative order, rather than quash and remand

- 2 -

for further proceedings. "No further proceedings are necessary on remand because the issue of the validity of the suspension of [the] driver's license is moot." McLaughlin, 128 So. 3d at 815. The circuit court in this case failed to apply the correct law when it remanded the moot issue to the administrative tribunal. Forth, 39 Fla. L. Weekly D1352 at *1.

Petition granted; order quashed to the extent that it remanded the case.

ALTENBERND and KELLY, JJ., Concur.